UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80250-CV-MIDDLEBROOKS

DAMION ANTHONY DELAPENA,

    Petitioner,

vs.

DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,

    Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Court Custody ("Petition"), filed March 5, 2024. (DE 1). The Motions were referred to Magistrate Judge William Matthewman. (DE 3). Respondent, the Florida Department of Corrections, has filed an Amended Response to the Petition (DE 11), an Appendix (DE 7), and transcripts (DE 8; 9; 10). Petitioner has opted not to file a reply. On February 3, 2025, Judge Matthewman entered a Report and Recommendation ("Report"), recommending that the Petition be denied, and finding no evidentiary hearing to be required. (DE 12). Petitioner filed his objections on February 12, 2025. (DE 13). No response to the objections has yet been filed, but I am prepared to rule without need of a response.

I have reviewed the Report, the record, Petitioner's objections, and the relevant caselaw. My review is de novo. Pursuant to 28 U.S.C. § 2254(d), an individual in state custody may seek federal habeas corpus relief if his continued incarceration violated the United States Constitution or federal law. To obtain such relief, a petitioner must demonstrate that the state court's ruling: 1)

resulted in a decision that was contrary to clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see also Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215–16 (11th Cir. 2001). The standard under § 2254(d) is a demanding one, for which "[t]he petitioner carries the burden of proof." *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). State court decisions must be given a strong presumption of deference, even when the state court adjudicates a petitioner's claim summarily. *See Richter*, 560 U.S. at 96–100; *Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011).

With these principles in mind, I concur fully with Judge Matthewman's findings as laid out in the Report. Petitioner cites three grounds for relief, all predicated on claims of ineffective assistance of counsel. None justify relief under § 2254(d). Under § 2254(d), my review is limited to "any claim that was adjudicated on the merits in State court proceedings[.]" 28 U.S.C. § 2254(d). Here, the Fourth District Court of Appeal summarily affirmed the state court's dismissal of Petitioner's ineffective assistance of counsel claims, and so I must "'look-through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). As Petitioner contends that the state court erred in its application of federal law concerning ineffective assistance of counsel, I turn to the three grounds upon which such claims were made.

In evaluating claims of ineffective assistance of counsel, courts apply a two-prong test. "Under the 'performance' prong, the defendant must show that counsel's performance 'fell below

an objective standard of reasonableness.'" *King v. United States*, 250 F. App'x. 930, 932 (11th Cir. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). "Under the 'prejudice' prong, the defendant must show that counsel's deficient performance actually prejudiced the defendant and that, 'but for the attorney's error, the outcome of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). The petitioner must prove both prongs by a preponderance of the evidence, and establish that particular acts or omissions of counsel "were outside the wide range of professionally competent assistance." *Chandler v. United States*, 218 F.3d 1305, 1313, 1314 (11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); *see also Strickland*, 466 U.S. at 686. Ordinarily, "[j]udicial scrutiny of counsel's performance must be highly deferential," *Strickland*, 466 U.S. at 689, and "[c]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Chandler*, 218 F.3d at 1314 (11th Cir. 2000).

First, Petitioner claims counsel was ineffective because counsel failed to file a motion to suppress the physical evidence recovered from his house. Judge Matthewman found that this ground should be denied, as when a petitioner "faults his lawyer for failing to pursue a motion to suppress prior to entering a plea, both the deficient performance and prejudice prongs of Strickland turn on the viability of the motion to suppress." *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1348 (11th Cir. 2015)). On the record supplied, Judge Matthewman determined that no Fourth Amendment violation occurred, as the search warrant justifying the search of Petitioner's house was proper and the supporting affidavit supplied probable cause. Petitioner objects on the grounds that Judge Matthewman failed to account for the affidavit (1) failing to contain an assertion that Petitioner matched the description of robbery suspects and (2) failing to establish

3

that Petitioner's vehicle was used by Petitioner during the period where robberies occurred. (DE 13 at 2). I find this objection unavailing. "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness." *State v. Sabourin*, 39 So. 3d 376, 384 (Fla. 1st DCA 2010) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). Suppression of evidence is a proper remedy for an invalid warrant only where the affidavit lacks any indicia of probable cause. *Id.* For the reasons articulated by Judge Matthewman and the state court, the affidavit contained sufficient detail to supply probable cause to justify the search warrant, and thus Petitioner's counsel did not act unreasonably by failing to challenge it. (DE 12 at 14–17).

Second, Petitioner claims counsel was ineffective for advising him that there were grounds for a downward departure should he enter an open plea. To prevail, Petitioner must demonstrate that he would not have pleaded guilty and would have gone to trial but for his counsel's advice. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). Here, it is undisputed that Petitioner "had the idea of entering an open plea" prior to counsel's mentioning of a downward departure. (DE 13 at 2). Although Petitioner objects and argues that this advice occurred "prior to him actually entering the open plea," the record does not establish a reasonable probability that Petitioner would have insisted on going to trial absent such advice. As Judge Matthewman properly found, the "postconviction court properly summarized and analyzed Mr. Mair's testimony, contrary to what Petitioner argues in his papers," and "did not involve an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts." (DE 12 at 21). Judge Matthewman therefore correctly determined Petitioner's second ground for ineffective counsel to be unsupported.

4

Finally, Petitioner claims counsel was ineffective in advising him that cell phone records obtained during discovery were not beneficial to his defense. Judge Matthewman determined that the postconviction court did not err in rejecting Petitioner's claim, as Petitioner cannot show that "he would not have entered the open plea had he realized the phone records were beneficial to his defense." (DE 12 at 23). Petitioner objects, and claims he was "prejudiced by defense counsel's deficient performance," and testified that "he would not have entered the open plea had he realized the phone records were beneficial to his defense." (DE 13 at 3). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). During the change of plea, Petitioner averred that "he was satisfied with his counsel's services, that Petitioner knowingly, intelligently and voluntarily entered the guilty plea, and that Petitioner entered into the plea agreement of his own free will." (DE 12 at 23). Petitioner's sole testimony on postconviction posture, without more, cannot unseat his prior colloquy, and thus his objection is unpersuasive.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that

1. The Report and Recommendation (DE 12) is **ADOPTED.**

2. Petitioner's Objections to the Report (DE 13) are **OVERRULED.**

3. Petitioner's Petition (DE 1) is **DENIED.**

4. Final Judgment will be issued by separate Order.

**SIGNED** in West Palm Beach, Florida, this 21 day of February, 2025.

Donald M. Middlebrooks
United States District Judge